UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JANNET VOSE** )<br>    **Plaintiff** )<br> )<br>**v.** )<br> )<br>**I.C. SYSTEM, INC. & JOHN DOE** )<br>**a/k/a JIM CONNELLY** )<br>    **Defendants** )<br> ) | **CIVIL ACTION**<br><br>**JURY TRIAL DEMANDED**<br><br>**SEPTEMBER 3, 2010** |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed by the defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* for intentional infliction of emotional distress, and for violation of the Connecticut Unfair Trade Practices Act.

### II. PARTIES

2. The plaintiff, Jannet Vose, is a natural person residing in Waterford, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

3. The defendant, I.C. System, Inc. ("I.C. System"), is a Minnesota corporation and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency and is a debt collector as defined by FDCPA § 1692a(6).

4.  Defendant John Doe a/k/a Jim Connelly is an employee of I.C. System who works as a debt collector. Brian's identity and state of residence are not known to Plaintiff but are ascertainable in discovery.

### III. JURISDICTION

5.  Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, and 1337, and Fed. R. Civ. P. 18(a). Supplemental jurisdiction is proper under 28 U.S.C. § 1367.

6.  This Court has jurisdiction over I.C. System because it engages in debt collection within Connecticut.

7.  Venue in this Court is proper, because the Plaintiff is a resident and the acts complained of occurred in this state.

### IV. FACTUAL ALLEGATIONS

8.  Around the end of July beginning of August 2009, I.C. System started calling Plaintiff in an attempt to collect a Wells Fargo debt related to furniture plaintiff had purchased at Raymour & Flanigan ("the Debt").

9.  Around that same time, Plaintiff was experiencing serious financial difficulties, and she had retained and been working with a bankruptcy attorney in preparation for filing bankruptcy; the Debt was to be included in the planned bankruptcy.

10. In August and in the beginning of September 2009, plaintiff spoke with different I.C. System representatives who tried to get her to pay the Debt; in each of those conversations, Plaintiff explained to that respective representative that she was experiencing financial difficulties and was not able to pay the amount they were demanding at that time.

2

11. On September 14, 2009, Plaintiff received a call from and spoke with an I.C. System representative named Jim Connelly regarding the Debt who told Plaintiff that he was an Account Manager Specialist with I.C. System.

12. During that conversation, Plaintiff explained to Mr. Connelly that she had already spoken to approximately four representatives from I.C. System and told them that she was experiencing financial difficulties and could not meet their payment demands; Mr. Connelly replied by telling Plaintiff that those representatives she had spoken with either were not aggressive enough or were new to the business, and that he was calling her now to make sure she committed to a payment arrangement.

13. Plaintiff began to explain to Mr. Connelly her financial situation, but he cut her off in the middle of her explanation and told her that he was not her credit counselor but rather his job was to get his client's money back.

14. Intimidated and frustrated by Mr. Connelly's collection approach, Plaintiff decided to give him her attorney's contact information and refer him to her attorney; however, while she was attempting to provide him with the name, address, and phone number for her attorney, he again cut her off in mid-sentence and told her that his client does not work with attorneys, and he raised his voice and asked her whether she thought she was getting her Raymour & Flanigan furniture for free, and he told her that he had read the contract that she had signed, and either she could not read or had no intentions of paying them back at the time she signed the contract.

15. Plaintiff explained to Mr. Connelly that, at the time she signed that contract, she could not have foreseen the financial difficulties she would face in the future, and Mr. Connelly replied by telling her that she was lying and simply was refusing to pay.

16. Plaintiff became very intimidated by Mr. Connelly's statements and by his bullying nature and approach, and she feared that if she failed to meet his demands, that he might go to more extreme measures such as call her friends or family members, call her workplace, and/or garnish her wages.

17. For the reasons identified in Paragraph 16, Plaintiff reluctantly authorized a payment of $149 to I.C. Systems; however, Plaintiff did not have enough money in her account at the time to cover that payment, so very shortly afterward she was forced to arrange for her parents to lend her money into her account, and having to ask her parents for money in this way was embarrassing and humiliating to Plaintiff.

18. Mr. Connelly's collection call and the statements he made to Plaintiff in that call cause Plaintiff to suffer emotional distress, anxiety, worry, humiliation, embarrassment, and shame; Plaintiff lost sleep, and she worried every time the phone rang that it might be Mr. Connelly or another equally as intimidating I.C. System representative calling her.

## V.  CLAIMS FOR RELIEF

### COUNT ONE
### Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (As to I.C. System)

19. Plaintiff incorporates Paragraphs 1-18.

20. I.C. System's collection activities, as described above, violated 15 U.S.C. §§ 1692c, 1692d, and 1692f of the FDCPA.

21. For I.C. System's violation of the Fair Debt Collection Practices Act as described above, the Plaintiff is entitled to recover her actual damages (including

4

emotional distress damages), statutory damages of $1,000.00, and reasonable

attorney's fees, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO
## Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.
## (As to Jim Connelly)

22. Plaintiff incorporates Paragraphs 1-18.

23. Jim Connelly' collection activities, as described above, violated the FDCPA.

## COUNT THREE
## Intentional Infliction of Emotional Distress
## (As to Jim Connelly and I.C. System)

24. Plaintiff incorporates Paragraphs 1-18.

25. I.C. System and Jim Connelly knew, or reasonably should have known, that

their conduct would likely cause emotional distress to Plaintiff.

26. I.C. System's and Jim Connelly's conduct did cause Plaintiff to suffer

emotional distress, embarrassment, shame, stress and anxiety.

## COUNT FOUR
## CUTPA
## (As to I.C. System)

27. Plaintiff incorporates Paragraphs 1-18.

28. I.C. System has engaged in unfair and deceptive trade practices in violation

of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq.

("CUTPA").

29. Plaintiff has suffered an ascertainable loss, because she has been subjected

to illegal collection activities.

WHEREFORE, the Plaintiff seeks recovery of actual damages (including emotional distress damages) pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k, and actual damages, punitive damages, and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

PLAINTIFF, JANNET VOSE

By: /s/

Daniel S. Blinn, Fed Bar No. ct02188
Matthew W. Graeber, Fed Bar No. ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax. (860) 571-7457